Over to the case please. 3-090190 Eric Stamps v. Alan John Schrock v. Terry Sims. Appellee, Claire Wilson. Please report to the counsel. I'm John Schrock. I represent Eric Stamps in this matter. Eric has a claim in this case and I believe that we should be allowed to bring it. The facts in this case... Before you get too far along, can we... He's talking about jurisdiction. I mean, in other words, the order you're appealing from was a dismissal without prejudice. That's correct, but then I came back and I moved to reconsider and I dropped the claim for the accounting. And both the first time, the first court's order granting the motion to dismiss albeit without prejudice, the judge suggested that I go back to the probate case, the guardianship case, and that I bring my case in there. And I thought that she was confused by the accounting aspects of it. So to make the record clear, I dropped and non-suited the accounting action and made it clear that I wanted to bring a case based on the breaches of fiduciary duty and that I felt that I had a right to bring it after the death of Mr. Stamps, after William Stamps' death. And again, she denied that request and specifically stated that the claim that I needed to bring, I needed to re-resurrect the guardianship case. And what I submit is that that guardianship case is dead. With Mr. Stamps' death, I can't go back to that guardianship case and re-resurrect it. The claim that I need to bring has to be brought after his death. Well, I understand that, but let me ask you, let's just suppose, I know you want us to reverse, but let's just suppose we affirm, what have we affirmed? We've affirmed a dismissal without prejudice. I submit that it's really not a dismissal without prejudice, and here's the reason why. I think that you're supposed to look at the form of the dismissal over, you're supposed to look at the substance of it over the form. And granted, it says that it's without prejudice. Free to re-plead, do whatever. In other words, it seems to me you win either way if we have jurisdiction, because if we affirm the dismissal without prejudice, you can go back to trial court and try something else. But the trial court is making it clear she's not going to have anything to do with my case. She's not going to just transfer it to probate. She says my case is, I don't have a right to proceed with the claim that I want to bring because I've got to re-resurrect it somehow in the old case. As I read her orders, her orders, both of them, the ones to dismiss my case and to deny my motion to reconsider, well, she's telling me what I have to do is I've got to go back to the probate case and re-resurrect the probate case. And I submit that it can't be done. If that's what I have to do, then I submit that I'm out of a remedy. And as I read her orders, as I understand her orders, she wants me to do the impossible and to go back, and certainly what counsel is saying that I need to do for Ms. Sims, that's the position that they're saying that I have to do it. The trial judge, she says that any claim that I have revolves around that accounting and it must be brought back in that case. And I submit that once this was a guardianship case where they were looking for guardians for the person in the estate of Mr. Stamps and as I understand, when he died, that case is dead. It can't be, it's over, it's done with, there's no bringing it back there. And as I understand the trial court, Judge Petrangaro said that, no, Mr. Stamps, you don't have a claim that you can bring in any other thing. You have to go back and re-resurrect it somehow in that case. And to that extent, I submit that I can't do that and that's why I went with an appeal as opposed to mended pleadings because as I read both of her orders, she doesn't want anything to do with my claim. My claim has to be brought, and not just transferred to probate because they specifically asked her, okay, Judge, fine, you don't want to deal with it. That's your prerogative. But she's saying that her orders, in my view, make it clear that I'm without a remedy. Well, then, hadn't been phrased this way in the briefs or that, but it would be fair to say what you're saying is you're standing on your complaint. Yes. I'm standing on my complaint. And as I understand, certainly after the motion to reconsider, where I dropped any reference to the accounting claim, and that's been non-suited, all I have is a count for constructive trust and a claim for a breach of fiduciary duty, and I want to bring it now. Well, I understand you want to, but let me ask this. Why didn't you bring it in the probate action? In the probate case? Right. To be honest with you, we didn't know. Brandon and I represented both my client's mother, and now I represent Mr. Stamps. And in the probate case, we didn't know exactly what happened to Mr. Stamps' CD or the real estate. They filed the accounting, and it's like it makes it really clear that Ms. Sims ended up with all the $70,000 from the CD and the three pieces of real estate, and I was able to track and obtain copies of the put claim deeds where the real estate was transferred. So wouldn't that have been a good time to object to that? Well, yeah. Then I started to put together a claim for him, and then he unfortunately passed away rather quickly. And then after his death, the court, quote, approved the accounting, which in my view, it approved it in the extent that she was ordered to provide an accounting, but it's not like we had a citation hearing or had a chance to pursue any type of a hearing where we were going to decide the propriety of all this that she did. It's clear that she ended up with everything, and she filed an accounting and said, yeah, I ended up with $70,000. I ended up with title to the three pieces of real estate, but that was never approved by the court saying it's okay for you to keep it now between your half-brother. But isn't that kind of what you do in probate cases, is try to settle the estate? You're talking about guardianship, not probate. That was in the context of the guardianship case, not necessarily. I mean, the fight there was over who was going to be in control of him as his health deteriorated. And it's not necessarily—I don't think you have to. I mean, if I violated some statute of limitations in bringing this claim, I think that would be a good argument. But why does it have to be that you have to bring that claim while he's alive? I mean, the law, I think, assumes that someone, until they die, he could reverse everything and try to put it back. He could change his mind, in other words. He could revoke the power of attorney and demand that stuff back. And I'm not really sure, but I don't think the claim is necessarily right for Eric, my client, to bring until his father passes. Now nothing's going to be changed now because he's dead and he can't change anything. So I'm not so sure that that claim— that she did something and she wouldn't be the proper person to be administering his personal estate. But I'm not so sure that you can come in and demand—does he have a cognizable injury while Willie is still alive? I'm not so sure. I think the law presumes that he can make a change at any point in time that he wants. But upon his death, after his death, was his estate probated? No. Well, you're right. It was not. And if you read the transcript, I think at the first hearing, we discussed that with Judge Petrangaro. The basic reason—there's no—after the $70,000 and the three pieces of real estate, there is no property. Everything's gone. So that's why I brought this on behalf of Eric as a claim in chancery for breach of fiduciary duty and constructive trust to tie it up because we believe Eric has some sort of a claim to it. So if—I think the hardest hurdle I have to overcome is the without prejudice part of it. I think if you look at—certainly after my motion to reconsider, where Judge Petrangaro makes it, in my view, really clear, she says again, the issues in this case revolve around the accounting and the probate case and should be decided by that court in that case. And I submit that after Willie's death, there's nothing—I can't re-resurrect that case. It would be a futile effort for me to go there. And I'm kind of in a trick box that I can't—I don't think legally I have any right to go back to the probate case and petition to reopen that case because he's dead. And I'm left without any formal remedy. Why didn't you just transfer? Because, I mean, all the courts are plenary jurisdictions. I agree. She could have brought this equity action theoretically in probate court. I could have brought it in probate court, and I suggested to Judge Petrangaro— So why not? Did she say that? In the motion to reconsider, I requested that if she wanted to, she was free to just transfer. Just transfer, Judge. Transfer to probate, and we'll deal with my claim out there. It doesn't make a difference to me. Courts in Illinois are courts of general jurisdiction. And I made that request, and she denied it. I'm still without any remedy whether or not, you know, for administrative purposes, if she doesn't want to hear that type of claim, that's fine. But that's not what she did. She says I have to go back and reopen the dead, you know, pun intended, guardianship case. So she really—what you're saying is she foreclosed— She foreclosed that. My request for reconsideration, part of what I was asking for is, maybe I didn't bring it in the right place, but you can certainly transfer it out to— in Will County, it's at River Valley. She could have transferred it to the judge at River Valley, and I would have been happy with that. But that's not what she did. Let me ask you this. That reminds me. I looked at your original complaint, and it looks to me like somebody in the clerk's office stamped that chancery number on it as opposed to you putting a, you know, off in CH. It looks to me like it was a clerk that decided what court it was going to be assigned to within the circuit. Is that correct? That could be. I don't recall if I left any instructions with it. Our most important thing is to get the right filing fee. But it could have been filed there, and if that was her— but that's, in my view, not Judge Petrangero's big objection to my complaint. Her big objection is it revolves around the issues in the accounting. She got all tied up in that accounting issue. An accounting issue, really, you know, it's not certainly res judicata. There was no—I mean, in those type of cases, you can bring a citation and have a hearing on a citation and say that, yeah, you received this, but you're not entitled to keep it. You know what I mean? And we didn't have any type of a hearing like that. There was no hearing. There was no issue that was framed on the propriety of Ms. Sims being able to keep the $70,000 entitled to all three pieces of real estate. We never got to that type of a hearing. It's just a— Well, you never got to it, but isn't, I mean, in the accounting, isn't there a policy behind these probate proceedings having some finality so people can go, you know, so property can be distributed? I would agree with that, except that all we got was here's what happened to everything. So here's what happened to everything, and now he's dead, all right? And this—they closed that case because he was dead. And I think that's the proper procedure. Now where are we going to litigate the issue of the propriety of Ms. Sims keeping the $70,000 from the CD entitled to the three pieces of real estate? I don't think it—we could do it in probate or we could do it in chancery, but we couldn't do it necessarily in a guardianship case. The guardianship case is just about who's going to be the guardian of this person in estate while he's alive, now that he's dead. That guardianship case has to close. I could have filed it as a probate case. I could have filed it as a chancery case. It doesn't make a difference to me. My only point is that I have a claim and I want to pursue it. It doesn't matter to me if we do it in chancery or probate or wherever. But as I read—and the reason I perfected the appeal is as I read Judge Petrangaro's orders, she's making it clear to me that in her view I have to go back to the guardianship and re-resurrect that. Let me ask you one thing. Also, I look at your pleadings, and it seems that your argument, the breach of fiduciary duty is a breach of her as a guardian. And yet your pleadings seem to show on her face that some of these transfers were made, some if not all, most if not all of these transfers, you complain that, were made before the guardianship was ever established. That's correct. So how can that be? If the property was transferred to her before she was guardian, how can that be a breach of her duty as guardian? Well, there was a power of attorney that was given—was the first transaction. Mr. Willie Stamps gave Ms. Sims a power of attorney. And by operation of law, the power of attorney creates a fiduciary relationship between the two parties. And then she goes to him and obtains control of his certificate of deposit of $70,000 at the one bank. And what I allege is that she took that money and didn't use it for herself. She did use it for herself. She didn't use it for anything related to Mr. Stamps. And I think that a lot of people, when they get a power of attorney, they assume that, oh, I can do whatever I want with this, which is true, but it's supposed to be for a purpose related to the care of her father, Mr. Stamps. That's the last two minutes. And furthermore, when she obtained title to the house, if his health is failing, the purpose of her taking title to the house would be for her to help him take care of him and whatnot. And I allege that's not what—clearly I allege that's not what happened, that she used those for her own benefit. And therefore, I believe that that constitutes a breach of fiduciary duty, and that's the claim that I want to bring. And I feel that I never had a chance to do it. So I'm asking for a reversal and a remand to the court to— and I don't care where we go. We can go to probate or chancery, but so long as I get to hear my case. Thank you. Any questions? I guess not. Thank you, Mr. Schott. And Ms. Wilson? Thank you very much. It's such an honor to be here in this beautiful building arguing in this court. I'm very thrilled to be here. May it please the court, Mr. Schott, Ms. Sims. Your Honors, I have heard Mr. Schott's arguments and your questions, and I look at it almost more not so much as an objection to a guardianship case or an accounting and a guardianship, but in a state, a probate type of case. Because when you look at the complaint that was filed by Mr. Stamps, he talks about the issues of breach of fiduciary duty. He talks about the accounting, which he did later drop from his complaint. But he also talks about wanting a portion of the decedent's estate. The very clear undertone of the complaint is wanting his share of what he perceived to be his share of the decedent's estate. When Mr. Schrock indicates that the guardianship proceeded, there was an accounting, and by the time Mr. Stamps died, there was nothing more they could do, I don't accept that. Because Mr. Schrock and his client, the mother of the current client, were given full notice of every step of the proceeding in that guardianship case. They had the accounting well before the court approved it. There was ample opportunity at that time for him to step in and file an objection if he felt that was appropriate. Also, he could have filed a petition in probate instead of the instant action. That certainly was a viable remedy for him to pursue his complaints. Let me ask you this. Could he have filed a petition in probate the day he filed this petition that ended up with a chancery number on it? Absolutely he could have. He could have filed a petition for probate, but going by the correct rules. A lot of these cases demonstrate that chancery in a lot of the brief, the arguments in the brief discuss the fact, well, is chancery the right place to file it, or can you file it in probate first? You file it in the circuit court, right? Yes. It doesn't make any difference where you file it in the circuit court, and then it needs to find its way to the right division, I guess. But if it's filed in the circuit court, it would be timely, right? So it's a matter of finding the right room and the right judge to listen to what you have to say. That's absolutely correct. However, the cases that, in some of the cases that Mr. Trach himself cited, it indicated, for example, in the Krosowski v. Berbales, if I'm pronouncing that correctly, that decision, there was a complaint filed to set aside a will naming a defendant as a sole beneficiary. The point of that Krosowski case was a complaint kind of similar to what we have here, where the plaintiff was contesting conveniences of the decedent's real estate to another party. And in that case, which was cited by Mr. Schrock in his brief, the plaintiff, that case, that complaint was found to be insufficient in chancery because of the underlying foundational things that had to be done first. For example, in that case, there was failure to show whether there was a will, whether the will had been admitted to probate, and if the plaintiff had followed the correct prerequisites. I kind of see this complaint that Mr. Schrock has filed as an end run around the procedures in the Illinois Probate Act. Not that it has to be filed necessarily in the probate division, but it occurred to me, if the trial court had heard this complaint, and in fact, if the trial court had taken it to its ultimate conclusion, and had there been a decision against my client, what about the fact that there could have been other errors? What about the fact that if you follow the procedures of the Probate Act, there's provisions for the protections of creditors? None of that was done here, which all goes to the insufficiency of the complaint that was filed. But the order doesn't even address that. I mean, the order that's being appealed from here is a dismissal without prejudice. So, it's right. If we affirm, as I assume you're asking me to do, then what have we got? We've got an order sitting back in the circuit court that says the case was dismissed without prejudice. You're in the same place you would have been if there had been no appeal taken. I'm wondering if we have jurisdiction to hear this thing. I am wondering the same thing, Your Honor. I don't think you do. What are the options for the plaintiff here? I'm glad you asked that. Otherwise? I'm glad you asked that. There were two options that he missed. I mean, right now. Right now, go to probate court. Why not transfer the case to probate court? Because just by transferring it to probate, you still have an insufficient complaint that you're transferring from one division of the court to another division of the court. That's another issue, isn't it? Pardon me? That's another issue. Is a complaint insufficient or not? That's not what we're dealing with here. The basis of my arguments and my original motion to dismiss was based on 2615 and 2619, and I strongly argued that the complaint was insufficient at law to state a cause of action, and I still maintain that. And I think that's what the trial court was confused over is because it really didn't state a complaint. It sort of is quasi probate, quasi this, quasi that, and clearly was in the wrong place and not approached correctly. I think the appellant could still go to probate court if he so chose, and that's why we have the Illinois Probate Act. The Illinois Probate Act sets up tools, gives tools to a litigant to, in an orderly and correct manner, deal with disputes just as he has brought. So if the case gets transferred over to probate, then you attack his complaint again, and the probate judge says either, A, you can amend it or, B, you can't. Either you can try to amend it or, B, you can't do it or whatever, and then we finally get this thing moving, and either one of you wins, and you get the order you want. The one that doesn't like it at that point then appeals it. But like I said, here I'm thinking I just don't know. This is the first time I've ever seen a case where we're up here on dismissal without prejudice, and then I think, well, if we affirm, so what? There's an order in the circuit. The litigation has not been ended. I agree. I couldn't agree with you more, and I think your only alternative is to affirm and let the plaintiff in that case figure out how to do it the right way and to bring it in with the requisite. What is the right way? I beg your pardon? What is the right way? As I indicated before, I think, and we have a roadmap in this case I just mentioned, the Krasowski case. It says you have to do certain things first. You have to determine if there's a will or if there isn't a will and see if there are other claimants to the estate or not. You have to protect the creditors if there are creditors to the estate. You have to establish those things in court. There's no estate here? Because all of it's gone, right? It's gone when he died. But there are remedies in probate court for that situation. There could have been a will contest. Is there a will? Pardon me? Is there a will? Yes, there is a will. And it was properly filed in the circuit court. But if there's no estate, why would you probate it? I don't understand that. I think the remedy would be to go to probate court and ask if there were improper transfers of funds out of the estate that should have been in the estate of the decedent that currently are not in the decedent's estate, then those transfers can be set aside. And the probate court has the ability and the tools with which to make that determination, make that analysis, and reverse improper conveyances or attempts to pilfer a decedent's estate. There are remedies there. Because if the transfers were improper, where do they end up now that he's gone in his estate? Yes, I agree with that. Are there any other questions on that? I also want to point out that the other remedy that I think it was Your Honor, Justice Schmidt mentioned, what about these transfers before the guardianship? There is a remedy under the Power of Attorney Act that Mr. Stamps also could have availed himself of. But he chose not to do that. He chose not to do any of those things that could have been done or possibly still could be done. He argued that he did not have the capacity to enter into the guardianship case or to reopen the guardianship case. Our briefs go into the ability of a litigant to, we talk about the collateral estoppel and the res judicata issues. I think there certainly was a capacity for Mr. Stamps to intervene in that case because he was a privy to what was going on in those cases. Also, there was, he also, in his complaint, the deficiency of the complaint, it is possible to see that if there was a breach of fiduciary duty that it could have affected others. However, the connection is not necessarily that clear in this case. And I think maybe I've touched on the complaint assumes an awful lot of things that you just can't assume in a complaint. So if there are no more questions, I think I've addressed all of the issues that you have questions on. Okay. Anybody else? Thank you, Ms. Wilson. And Mr. Schrock, any rebuttal? Page 56 was Judge Petrangero's order of January 12th, 2009, which granted the motion to dismiss without prejudice. And what she said was that the motion to dismiss was in lieu of answers granted without prejudice. She said that after considering the brief and arguments of counsel, the issues in this case revolve around the accounting provided by Judge Carmen Goodman in August of 2008, thus any issues involving that accounting are more appropriately resolved by the probate court. And then I filed my motion to reconsider, and it's in the record at page 60. And in paragraph 7, I suggested to the court that if she didn't want to hear the case in probate, that I would be happy that she could simply transfer the case to the probate court. And then page 72 is her order. She said in her written order, which is dated February 23rd of 2009, the plaintiff has requested this court transfer this matter to the probate court. However, there is no case pending to consolidate this case on that call. The allegations in this verified complaint for imposition of constructive trust, breach of fiduciary duty, and other reliefs addresses actions taken by the defendant while she acted under power of attorney and guardianship in case number 07P825. Judge Carmen Goodman approved an accounting of the assets in August 2008 as provided by that defendant in her role as guardian. Thus it appears that issues resolving around that accounting and the monies accounted for therein should be addressed as part of that case. And that's really the gist of what my appeal is all about. She's telling me I have to go back and reopen that case. I don't think I can. I think it's a legal malady to try to open that, and I'm asking you to reverse that part of her order. Even if you think you can't, don't you think in light of what the order is, you should have tried it and then have them say no, you can't, and then you're thrown out of court and then you have something to appeal? In other words, we've got rules too. There's a problem. The Supreme Court tells us if you don't have jurisdiction, if you have one choice to file a court, that is dismiss the appeal. All I would tell you is that in my view, her order is telling me that I'm out of luck. I don't have a case. And there's some cases I cited that say that you're supposed to look at the substance of a dismissal more so than the form. And I think the substance of this is after a dead order, I'm really out of a case. So I'm asking you. Why not refile when she's answering, minus the accounting claims, and then see if it's dismissed with prejudice at that time? I didn't want to be put in a trick box, and I thought this was the way to go. Why would that be a trick box? Well, I suppose I could go back there, but I feel that going back and refiling anything in probate is going to garner another motion to dismiss, which is going to— I'm not sure how that would be handled. So at least I was looking for some clarity here, and I'm asking you to provide better clarity to your team. Thank you. Thank you, Mr. Schlock, and thank you both for your argument today. We will take this matter under advisement and get back to you as a written disposition.